IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JEANNA COLE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)　　Case No. 10-0256-CV-W-ODS
　　　　　　　　　　　　　　　　　　　)
ERIC HOLDER, UNITED STATES　　　)
ATTORNEY GENERAL, et al.,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNTS I AND III FOR LACK OF JURISDICTION

Pending is Defendants' Motion to Dismiss, which contends the Court lacks jurisdiction over Counts I and III. The Court agrees that it lacks jurisdiction over Count III, but cannot presently determine whether it lacks jurisdiction over Count I.

Plaintiff is employed by the Bureau of Prisons as a Safety Technician, which is paid at the GS-7 level. Complaint, ¶¶ 4, 13-14. She alleges she "has been and is currently performing the duties of a GS-9 Safety Specialist but has not been paid as a GS-9 Safety Specialist." Complaint, ¶ 15. She attributes the failure to pay her at the GS-9 level or formally promote her to gender discrimination. In Count I, she alleges a claim under the Equal Pay Act (29 U.S.C. § 206(d)), and in Count III she asserts a claim based on the Missouri Human Rights Act. Count II – which is not a subject of Defendants' motion – alleges violations of Title VII of the Civil Rights Act.

Plaintiff concedes Count III cannot survive Defendants' motion, so that claim is dismissed. With respect to Count I, the parties agree that there is no statutory grant of power for federal courts to decide Equal Pay Act claims against the government. Therefore, if the Court has jurisdiction it must be based on 28 U.S.C. § 1346(a)(2), also known as the Little Tucker Act. In the absence of a specific grant of jurisdiction to district courts (such as the one found in Title VII), the Little Tucker Act grants concurrent jurisdiction to a federal district court and United States Court of Federal Claims for any

civil action or claim against the United States seeking less than $10,000. Claims exceeding $10,000 are governed by 28 U.S.C. § 1491 (the Tucker Act), and can be presented only to the Court of Federal Claims. Thus, the issue that needs to be decided is: does Plaintiff's claim under the Equal Pay Act exceed $10,000?

The party invoking the court's jurisdiction bears the burden of demonstrating that it exists. E.g., Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 98 (1993); Hays v. Hoffman, 325 F.3d 982, 987 (8th Cir.), cert. denied, 540 U.S. 877 (2003). Plaintiff argues two years back wages would amount to approximately $2,000, and the addition of lost benefits, interest, and liquidated damages would not bring the recovery over $10,000. Defendants point out that in her administrative complaints, Plaintiff alleges she began performing duties of a Safety Specialist in June 2003 (when she was paid at the GS-6 level). While the Complaint does not specify a time period, there is a two year statute of limitations unless the violation is willful, in which case the limitation period is extended to three years. 29 U.S.C. § 255(a). Plaintiff filed suit on March 17, 2010, so – assuming she can prove the willful violation she has alleged – Plaintiff can recover damages only from March 17, 2007, to the date of judgment. Trial is currently scheduled for February 2011 – so barring an intervening promotion or other change of events, Plaintiff will be seeking at least four years of lost wages. In addition to back wages, Plaintiff can recover "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Accepting Plaintiff's calculation that the wage difference amounts to approximately $1,000 per year, Plaintiff's claim for lost wages and liquidated damages totals approximately $8,000. The interest on the combined sum must also be added. Finally, Plaintiff can recover lost benefits, including lost contributions to and earnings from her retirement plan.

This is only a rough calculation, and ultimately the Court is not certain whether Plaintiff's claim is less than or greater than $10,000. The actual calculation depends on the specific step within each grade that one uses and the period of time actually involved. A decision based on this information carries a substantial risk of being incorrect. However, leaving Count I in the case will not increase Defendant's burden because Count II will remain regardless, and the issues to be addressed for both counts

are the same because both counts are predicated on the same events and seek the same or similar relief. Rather than make a premature evaluation with inadequate information, the Court will deny Defendants' request to dismiss Count I until the Record can be further developed. Defendants are free to raise the issue again once the necessary facts have been ascertained in discovery.

IT IS SO ORDERED.

DATE: September 22, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT