IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JEANNA COLE, )
)
       Plaintiff, )
)
vs. ) Case No. 10-0256-CV-W-ODS
)
ERIC HOLDER, UNITED STATES )
ATTORNEY GENERAL, et al., )
)
       Defendants. )

## ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT'S ARGUMENT THAT THE COURT LACKS JURISDICTION OVER COUNT I

Pending is Defendants' Motion for Summary Judgment. The Court concludes there are disputed issues of material fact, so the motion (Doc. # 78) is denied.

When denying summary judgment the Court does not ordinarily express a view regarding the particulars of factual disputes because it will be the jury's view that proves important. Here, the parties may benefit from the Court's observations. It seems as if the parties are describing two different cases. Defendants insist that the duties of a Safety Technician are different than the duties of a Safety Specialist, and these differences justify different pay levels. Defendants also contend the decision not to promote Plaintiff to Safety Specialist was not discriminatory. However, Plaintiff's claim focuses on her actual duties. She contends that while she is classified (and paid) as a Safety Technician, she actually performs the duties of a Safety Specialist. She further contends that she has not been promoted to or otherwise treated/paid as a Safety Specialist because of her gender. There are disputed issues of fact (supportable by competent evidence) regarding Plaintiffs' claim, so summary judgment is inappropriate.

The Court declines to grant Defendants summary judgment on their merit system defense. "In order to qualify under the merit system defense, an employer must show that the merit system was an organized and structured procedure by which employees were evaluated systematically and in accordance with predetermined criteria."

Raymond v. United States, 31 Fed. Cl. 514, 518 (1994).  Defendants have not identified undisputed facts demonstrating Plaintiff's duties were "evaluated systematically and in accordance with predetermined criteria" to determine whether she was properly classified as a Safety Technician.

In a related issue, Defendants initially contended they were entitled to summary judgment because Plaintiff failed to request a desk audit.[1]  Defendants seem to have withdrawn this issue in their Reply Suggestions, but the Court will discuss it briefly because it presents some rather puzzling implications.  It appears that a desk audit (formally referred to as a classification review) evaluates a person's duties and determine whether they are properly classified in a particular position.  See Harris v. Brownlee, 477 F.3d 1043, 1045 (8th Cir. 2007).  Defendants initially contended Plaintiff failed to request a desk audit; Plaintiff responded by averring that she requested one but her request was ignored or denied.  Defendants then withdrew the argument.  It seems that if Plaintiff requested a desk audit and that request was ignored or denied, Defendants are in a poor position to counter Plaintiff's claim (or, at least, would be in a better position to do so if it had the benefit of an audit's results).  It also strikes the Court as odd that Defendants did not conduct a desk audit (even if Plaintiff did not request one) simply to gather facts for this suit.  Now, of course, discovery has closed.

One final issue needs to be addressed: the Court's jurisdiction over Count I.  Count I asserts a claim under the Equal Pay Act, and Count II asserts a claim under Title VII of the Civil Rights Act.  The Court has jurisdiction over Count II, but as noted in the Court's September 22, 2010, Order, the Court's Jurisdiction over Count I depends on the amount sought by Plaintiff.  The Court deferred consideration of Defendants' motion to dismiss Count I until the Record could be developed further.  Defendants have re-asserted the issue, contending only the Court of Claims has jurisdiction.  It would seem Defendants are correct, but Plaintiff has not responded to the latest discussion of the issue.  Plaintiffs are directed to respond to the issue on or before July

---

[1]There is no legal requirement that a federal employee request a desk audit in these circumstances.  At best it is an issue that a finder of fact can consider, and even if the facts are as Defendants alleged summary judgment would not be appropriate.

2

29, 2011, and Defendants shall have fourteen days thereafter to file Reply Suggestions. Plaintiff should address how she would like to proceed in the event the Court concludes it lacks jurisdiction over Count I; possibilities include dismissing Count I and proceeding on Count II, or transferring the case to the Court of Claims.

IT IS SO ORDERED.

DATE: June 30, 2011

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT